Shan SAYLES and Alix Cooperman, Co-partners, doing business under the name and style of Paris Theater-Phoenix, et al., Plaintiffs-Appellees,

v.

Milton GRAHAM, individually and as Mayor of the City of Phoenix, et al., Defendants-Appellants.

No. 24474.

United States Court of Appeals, Ninth Circuit.

Oct. 5, 1971.

784

John A. La Sota, Jr., Asst. City Atty. (argued), Robert J. Backstein, City Atty., Barry Leverant, Asst. City Atty., Ralph E. Mahowald, of O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Phoenix, Ariz., for defendants-appellants.

Sam Rosenwein, Studio City, Cal. (argued), Stanley Fleishman, Hollywood, Cal., Richard J. Hertzberg, Phoenix, Ariz., for plaintiffs-appellees.

Before HAMLEY and WRIGHT, Circuit Judges, and KELLEHER, District Judge.*

PER CURIAM:

On several occasions the police seized allegedly obscene films from appellees without a prior adversary hearing to determine whether the films were protected by the First Amendment. Appellees were charged with willfully showing obscene films in violation of the Arizona obscenity statute. They then brought this civil rights action under 42 U.S.C. § 1983.

The district court ordered the return of the films, effectively halting the pending state prosecutions, and granted a preliminary injunction against any such seizures in the future. The conclusions of the district court that such seizures were unconstitutional and that the films must be returned were in accord with our subsequent decision in Demich, Inc. v. Ferdon, 426 F.2d 643 (9th Cir. 1970).

However, the Supreme Court has since announced strictures against federal courts interfering with the good faith enforcement of state criminal laws. Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and companion cases, including Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971).

*Demich* has been remanded to us for reconsideration in light of *Perez*. Ferdon v. Demich, Inc., 401 U.S. 990, 91 S. Ct. 1223, 28 L.Ed.2d 528 (1971). We in turn have remanded *Demich* to the district court to allow that court the opportunity for reconsideration in the first instance. Demich, Inc. v. Ferdon, 443 F.2d 1359 (9th Cir. 1971).

We have also remanded Nissinoff v. Jensen (9th Cir.) 447 F.2d 1404, in which the district court ordered the return of allegedly obscene films seized without a prior adversary hearing, enjoined the use of those films in any criminal prosecution, and enjoined any such seizures in the future.

In our judgment the same course should be followed here.

Remanded.

* Honorable Robert J. Kelleher, United States District Judge, for the Central Distirct of California, sitting by designation.